ROGER L. GRANDGENETT II, ESQ., Bar # 6323
Z. KATHRYN BRANSON, ESQ., Bar # 11540
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
Telephone:	702.862.8800
Fax No.:	702.862.8811
Email:	rgrandgenett@littler.com
Email:	kbranson@littler.com

Attorneys for Defendant
ALKERMES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAULINE WHELAN,<br><br>    Plaintiff,<br><br>vs.<br><br>ALKERMES, INC.,<br><br>    Defendant. | Case No. 2:17-cv-02114-JAD-NJK<br><br>**DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT (As to Plaintiff's First and Second Causes of Action Only)** |

   Defendant ALKERMES, INC. ("Alkermes") by and through its attorneys of record, Littler Mendelson, P.C. and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves this Court for an Order dismissing Plaintiff's First Cause of Action (Discrimination Based on Sex/Gender In Violation of Federal and State Law (Disparate Treatment)) and Second Cause of Action (Discrimination Based On Sex/Gender In Violation of Federal and State Law (Hostile Workplace)) of Plaintiff's Complaint ("Complaint") (ECF No. 1) for failure to state a claim upon which relief can be granted.  This motion is made and supported by the attached Memorandum of Points and Authorities, all other pleadings on file with the Court in this matter, and any oral argument permitted by the Court.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Plaintiff's Complaint asserts the following claims for relief: (1) Sex/Gender Discrimination: Disparate Treatment; (2) Sex/Gender Discrimination: Hostile Workplace; (3) Retaliation: Participation Clause; and (4) Retaliation: Opposition Clause.

Plaintiff's first cause of action, alleging disparate treatment based on her gender, fails because she does not identify a single similarly-situated individual, outside of her protected class, who was treated more favorably than she was. Plaintiff's second cause of action, alleging sexual harassment, fails because she does not plead conduct that is sufficiently "severe and pervasive" to support a harassment claim. As such, both claims must be dismissed and only her remaining claims for retaliation should be allowed to proceed.

**II.     ARGUMENT**

**A.      Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). To survive dismissal, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed.R.Civ.P. 8(a)(2). While a pleading generally need not contain detailed allegations, it must allege sufficient facts to raise a right to relief above the speculative level. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ." *Id*. Rather, to survive a motion to dismiss, a complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570 (emphasis added).

Though the party opposing a 12(b)(6) motion to dismiss is given the benefit of the doubt in that its factual allegations are accepted as true, a court will not assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level," and must do more than "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (citations omitted). As the Court in *Twombly*

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

2.

further noted, a plaintiff must "nudge[] [its] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. *Id*. at 570. Because the line separating the plausible from the merely conceivable is not always a clear one, the reviewing court is to "draw on its judicial experience and common sense" in making the determination of what a plausible claim looks like. *Iqbal*, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court provided a framework in which the reviewing court could exercise its experience and common sense. First, the court should determine which allegations merely state legal conclusions and which allegations are indeed factual assertions. Second, the court should determine whether the factual assertions present a plausible entitlement to relief. *Id*. at 1950. In other words, the court must determine whether the remaining factual content, if true, permits a reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 1949-50. Where a complaint relies on formulaic recitations of a claim or unsupported conclusions, its claims should be dismissed.

### B.  Plaintiff's First Cause of Action For Sex/Gender Discrimination (Disparate Treatment) Is Insufficiently Pled.

In order to state a *prima facie* case of gender/sex discrimination on a disparate treatment theory under Title VII and NRS 613.330[1], Plaintiff must show that (1) she is a member of a protected class; (2) she was performing according to Defendant's legitimate expectations; (3) she suffered an adverse employment action because of her sex; and (4) similarly situated individuals outside her protected class were treated more favorably than she was. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Dismissal of Plaintiff's discrimination claim is warranted because it is supported by nothing more than her speculation that she was terminated because of her sex. Specifically, she concludes, without any factual support, that her "sex/gender was the sole or motivating factor for Defendant's actions." (ECF No. 1, ¶49.) She sets forth only her own subjective belief that her performance was above reproach, despite her supervisors' and co-workers' evidence otherwise. She then summarily

---

[1] The inquiry under this statute is essentially identical to that performed under Title VII and the ADEA. *See Apeceche v. White Pine County,* 615 P.2d 975, 977 (Nev. 1980) (articulating the *McDonnell–Douglas* burden-shifting analysis).

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

3.

concludes that any criticism she faced was necessarily based on her gender, without identifying any connection between her gender and the alleged adverse employment actions to which she was subjected. Her conclusory allegation of causation must be disregarded as it falls short of the well-pleaded fact standard. *Iqbal*, 556 U.S. at 678. It is well-established that an individual's subjective speculation is insufficient to establish a *prima facie* case of discrimination. *See Nolan v. Cleland*, 686 F.2d 806, 812 (9th Cir. 1982) ("speculative and conclusory arguments" are insufficient to create an inference of discrimination). Such speculation is clearly insufficient to infer more than the mere "possibility" of misconduct in Defendant placing her on a Performance Improvement Plan and ultimately terminating her employment for failure to meet her goals or otherwise improve her performance, despite being given numerous opportunities to do so. *Iqbal*, 556 U.S. at 679.

In addition to the lack of sufficient facts to infer a causal connection, Plaintiff's discrimination claim is subject to dismissal because she does not identify a single similarly-situated individual outside of her protected class who was treated more favorably than she, which is a fatal flaw in her claim. *See Levy v. Mandalay Bay*, No. 2:14-cv-01636, 2015 WL 3629633 at *2 (D. Nev. 2015) (allegation that "someone" was promoted over plaintiff was insufficient to state a discrimination claim); *see also Cummings v. United Healthcare Servs., Inc.*, No. 2:13-cv-00479, 2014 WL 1302029, at *4 (D. Nev. 2014) (dismissing racial discrimination claim where plaintiff did "not provide even one example of how other similarly situated non-African American employees received preferential treatment" concerning the treatment Plaintiff alleged she was subjected to). In fact, Plaintiff relies on "formulaic recitation" of this element by making various claims about how she was allegedly treated, and stating only that Defendant "never [did] the same to similarly situated men" or "[s[imilarly situated men were treated more favorably." (ECF No. 1, *e.g.*, ¶¶ 17, 18, 22.) She sets forth only one paragraph in which she mentions that her supervisor, Mark Boesen, as being treated more favorably than she was. However, she does not provide any facts to support her claim that he is similarly-situated for purposes of her discrimination claim. *Id.*, ¶34. In fact, she alleges that he is her supervisor, meaning, he is *not* similarly-situated for purposes of a discrimination claim. *Id.* As a result, Plaintiff has failed to state sufficient facts to nudge her disparate treatment claim "across the line from conceivable to plausible" in order to survive a motion to dismiss. *Twombly*,

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

4.

550 U.S. at 570.

### C. Plaintiff's Second Cause of Action Of Sex/Gender Discrimination (Hostile Work Environment) Fails To Plead Sufficiently "Severe" and "Pervasive" Behavior, and is Untimely As It Relates To Her Former Colleague, Robert Belaski.

In order to state a claim of sexual harassment in violation of Title VII and NRS 613.310 (*see* FN 1), Plaintiff must demonstrate the following: (1) she was subjected to verbal or physical conduct of a sexual nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment. *Vasquez v. County of Los Angeles*, 349 F. 3d 634, 642 (9th Cir. 2003). The environment must be both subjectively and objectively hostile. *Nichols v. Azteca Rest. Enter.,* 256 F.3d 864, 872 (9th Cir.2001). Simply causing an employee offense based on an isolated comment, is not sufficient to create actionable harassment under Title VII. *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1113 (9th Cir. 2004).

To determine whether the conduct is sufficiently severe or pervasive, courts look at all the circumstances, "including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998) (internal quotations omitted).

As the United States Supreme Court has explained, "[a] recurring point in [our] opinions is that simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Breeden v. Clark County School Dist.*, 532 U.S. 268, 271 (2001) (quoting *Faragher*, 524 U.S. at 788). To determine whether harassment is severe or pervasive, courts evaluate the frequency of the conduct. *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997). Isolated or infrequent instances of harassment that occur over a period of many months is not sufficiently severe or pervasive conduct. *See, e.g., Hartsell v. Duplex Prods., Inc.*, 123 F.3d 766, 768-69 (4th Cir. 1997) (dismissing sexual harassment claim because six verbal incidents over a period of approximately three months was insufficiently severe and pervasive); *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1365-66 (10th Cir. 1997) (five sexually oriented statements over sixteen months insufficient to show hostile work

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

5.

environment, even though one comment by the offender occurred as he put his arm around plaintiff, looked down the plaintiff's dress and said, "well, you got to get it when you can."); *see also Brooks v. City of San Mateo*, 229 F.3d 917, 926 (9th Cir. 2000) (single incident of co-worker touching victim's stomach and breast under her sweater did not rise to the level of actionable harassment).

Plaintiff's Complaint falls far short of stating a plausible claim of sexual harassment. The only conduct Plaintiff alleges to be "harassing" was allegedly perpetrated by Mark Boesen and Jeff Harris. (ECF No. 1, ¶60 ("Plaintiff was subjected to verbal gender discrimination by Boesen and Harris, including but not limited to, Boesen and Harris stating to Plaintiff that she did not have the 'emotional intelligence' for her job and that she had the 'woman thing down.'")). These allegations are woefully inadequate, as a matter of law, to establish that the alleged conduct was so severe or pervasive as to alter the conditions of her employment and create a hostile work environment. *See Rivera v. Prince William Co. Sch. Bd.*, No. 1:09cv341(GBL), 2009 U.S. Dist. LEXIS 63647 (E.D. Va. July 22, 2009) (four instances of sexual harassment over a seventeen-month period insufficient as a matter of law to constitute severe or pervasive harassment); *Raciot v. Wal-Mart Stores, Inc.*, 414 F.3d 675, 677-79 (7th Cir. 2005) (alleged harassment not sufficiently severe or pervasive to support hostile environment claim; co-workers cursed at plaintiff and used vulgar language in her presence); *Patt v. Family Health Sys., Inc.*, 280 F.3d 759, 754 (7th Cir. 2002) (eight gender-related comments, such as, "the only valuable thing to a woman is that she has breasts and a vagina", were "too isolated and sporadic to constitute severe or pervasive harassment"); *Kay v. Independence Blue Cross*, 2003 U.S. Dist. LEXIS 8521, at *22-23 (E.D. Pa. May 16, 2003) (sporadic, nonphysical conduct did not constitute severe or pervasive harassment so as to establish a hostile work environment).

Plaintiff also alleges that she was subjected to harassment by former employee Robert Belaski within her general allegations, yet these allegations are not identified as supporting her harassment claim. (ECF No. 1, ¶¶17, 19; *compare to* ¶60.) Nonetheless, to the extent Plaintiff argues that Mr. Belaski's conduct is also evidence of alleged harassment, his conduct, like the conduct Mr. Boesen and Mr. Harris allegedly engaged in, is insufficient to be considered "severe and pervasive." Plaintiff claims only that, over a two-year period (1) Mr. Belaski only answered questions from (unidentified) similarly situated men; (2) interrupted Plaintiff when she presented

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

6.

ideas at work; (3) acted in a condescending manner towards Plaintiff; and (4) yelled at Plaintiff. *Id.* These allegations are insufficient, as a matter of law, to constitute "severe and pervasive" conduct sufficient to sustain a claim for sexual harassment, and are, at best, "isolated incidents" occurring over "many months." *See i.e., Hartsell*, 123 F.3d at 768-69. Moreover, Plaintiff does not allege that Mr. Belaski's alleged behavior was in any way "sexual in nature," a required element to sustain a harassment claim. *See Vasquez*, 349 F. 3d at 642. Along the same lines, Boesen and Harris telling to Plaintiff that she did not have the 'emotional intelligence' for her job is also not sexual in nature and not indicative of sexual harassment.[2] (ECF No. 1, ¶60.)

Finally, Mr. Belaski left in May 2015. (ECF No. 1, ¶23.) Ms. Whelan's Charge was filed on July 15, 2016 (*Id.*, ¶5), making her allegations against Mr. Belaski untimely. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002) (a discriminatory act occurs on the day that it happened; a party must therefore file a charge within 180 or 300 days of the date of the act or lose the ability to recover for it). Accordingly, to the extent Plaintiff tries to bootstrap her allegations against Mr. Belaski into her harassment claim, her allegations against Mr. Belaski, Mr. Boesen, and/or Mr. Harris, even if taken as a whole, are insufficiently severe and pervasive to sustain a claim of harassment; moreover, her allegations against Mr. Belaski are untimely. Accordingly, Defendant's claim of sexual harassment must fail.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] Even including the other statement Boesen and Harris allegedly made to Plaintiff, that she "had the woman thing down," there are still insufficient allegations to constitute severe and pervasive conduct for purposes of a sexual harassment claim.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

### III. CONCLUSION

Plaintiff cannot and has not pled facts sufficient to sustain her claims for disparate treatment and sexual harassment in violation of state and federal law. As such, Plaintiff's First and Second Causes of Action should be dismissed, with prejudice, pursuant to Fed.R.Civ.P. 12(b)(6).

Dated: October 19, 2017

                                        Respectfully submitted,

                                        /s/ Z. Kathryn Branson, Esq.
                                        ROGER L. GRANDGENETT II, ESQ.
                                        Z. KATHRYN BRANSON, ESQ.
                                        LITTLER MENDELSON, P.C.

                                        Attorneys for Defendant
                                        ALKERMES, INC.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

8.

**PROOF OF SERVICE**

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada 89169.  On October 19, 2017, I served the within document(s):

**DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT (AS TO PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION ONLY)**

☐ By **United States Mail** – a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Las Vegas, Nevada addressed as set forth below.

☐ By **Hand-Delivery** – by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☒ By **CM/ECF Filing** – Pursuant to FRCP 5(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

James P. Kemp, Esq.
Victoria L. Neal, Esq.
Kemp & Kemp
7435 W. Azure Drive, Suite 110
Las Vegas, NV 89130

Attorneys for Plaintiff

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service.  Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 19, 2017, at Las Vegas, Nevada.

/s/ Maribel Rodriguez
Maribel Rodriguez

9.

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800