JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
Ph. (702) 258-1183 / Fax (702) 258-6983
jp@kemp-attorneys.com
vneal@kemp-attorneys.com

*Attorneys for Plaintiff Pauline Whelan*

**UNITED STATE DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| PAULINE WHELAN, | Case No.: 2:17-cv-2114-JAD-NJK |
| Plaintiff, | |
| v. | **OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT** |
| ALKERMES, INC., | |
| Defendant. | |

COMES NOW Plaintiff PAULINE WHELAN, by and through her counsel of record, the law firm of KEMP & KEMP, and hereby opposes Defendant's Motion for Partial Dismissal of Plaintiff's Complaint. Plaintiff submits that she has made a sufficient showing in pleading her causes of actions to demonstrate she is entitled to relief and has provided Defendant with fair notice of the nature and basis of the claims and her requested relief.

This Opposition is made upon the papers and pleadings on file herein, affidavits submitted, the attached points and authorities, and such oral argument as the Court may entertain at the hearing of the matter.

…

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **LEGAL ARGUMENT**

    A.    **Standard For Denying A Motion To Dismiss Under FRCP 12(b)(6)**

A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007). "When considering a motion to dismiss a cause of action that fails to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and grounds upon which it rests." *Sproul* at p. 2:7-24, (citing *Bell Atlantic Corp. v. Twombly* at 555). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. Thus, to defeat a motion to dismiss, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to *raise a reasonable expectation that discovery will reveal* evidence of illegal" conduct. *Id.* at 556 (emphasis added).

A plaintiff's claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Further, "[w]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the

2

satisfaction of the factfinder." *Twombly* at 550 U.S. at 563 n.8. All allegations of material fact that are set forth in the complaint are to be taken as true and the court is to construe them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp*. 74 F.3d 955, 957 (C.A.9 (Cal.)1996).

In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002), which the Court explicitly reaffirmed in *Twombly*, *see id.* at 550 U.S. at 555-56, 563, 569 n.14, 569, the Court held that Rule 8(a)(2)'s "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." In *Swierkiewicz,* the Court held that an employment discrimination complaint does not need to include specific facts which would establish a "*prima facie* case of discrimination." *Swierkiewicz, Id*. at 508.  A *prima facie* case "is an evidentiary standard, not a pleading requirement" and the "Court has never indicated that the requirements for establishing a *prima facie* case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Id.* at 510-11 (emphasis added).  Furthermore, it is "incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered." *Id*. at 512.  The court also rejected the "argument that a Title VII complaint requires greater 'particularity,' because this would 'too narrowly constric[t] the role of the pleadings.'" *Id.* at 510-11 (internal citation omitted). This position was reaffirmed by the Ninth Circuit Court of Appeals in an unpublished opinion, cited herein as persuasive authority, wherein the court stated that "*Swierkiewicz* is still good law after *Twombly* and *Iqbal*… supported by the language of *Twombly*, which rejected the argument that its analysis 'runs counter to *Swierkiewicz*.'" *Cormier v. All American Asphalt*, 458 Fed. Appx. 620, WL 5438908

at *1 (9th Cir. Nov. 10, 2011)(internal citations omitted).

Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *See, Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir.2004). Any deficiency in Plaintiff's Complaint may be corrected by amendment.

### B. Plaintiff's First Cause of Action For Sex/Gender Discrimination (Disparate Treatment) is Sufficiently Pleaded

Defendant argues that Plaintiff has not sufficiently pleaded a claim for sex/gender discrimination (disparate treatment) challenging two elements: 1) she was performing her job according to Defendant's legitimate expectations; and, 2) similarly situation individuals outside her protect class were treated more favorable. ECF No. 10, 3:15-5:1.

As to performing her job according to Defendant's legitimate expectations, Defendant complains that Plaintiff "sets forth her own subjective belief that her performance was above reproach, despite her supervisors' and co-worker's evidence otherwise." ECF No. 10, 3:25-26. What evidence from her supervisors and co-workers? Further, any such "evidence" could be pretextual as Plaintiff has pleaded:

> Plaintiff was qualified for her position and did not receive any negative performance evaluations or [was] placed on a Performance Improvement Plan ("PIP") until 2016 after she complained about discriminatory treatment and had been subjected to ongoing retaliation designed to elicit her resignation. The negative performance evaluation was pre-textual and Defendant subjected Plaintiff to differential treatment by conspiring to create trumped up charges of inadequate job performance when Plaintiff had previously always received the equivalent of an excellent rating.

ECF No. 1, ¶ 16. This is sufficiently pleaded and demonstrates pretext. Defendants can attempt to satisfy *their* burden to demonstrate that Plaintiff's performance evaluation was not pretextual at trial.

Defendant next complains Plaintiff "concludes that any criticism she faced was necessarily based on her gender, without identifying any connection between her gender and the alleged adverse employment actions to which she was subjected." ECF No. 10 3:25-4:3. Defendant follows that assertion stating that "her conclusory allegation of causation must be disregarded…". ECF No. 10, 4:3-4. <u>There is no causal connection element in a disparate treatment claim</u>. *See, e.g., Villiarimo v. Aloha Island Air, Inc*., 281 F. 3d 1054, 1062 (9th Cir. 2002)(motion to summary judgment setting forth elements). The case cited by Defendant, *Nolan v. Cleland*, 686 F.2d 806, 812 (9th Cir. 1982), is inapposite to this case and is based on a claim of retaliation. *Nolan* was decided on a motion for summary judgment involving a federal employee. In the *summary* of that case, the Ninth Circuit set forth the procedural history and findings of the EEO hearing examiner who found there was no causal connection between "any discrimination [the plaintiff] may have experienced and the voluntariness of her resignation." *Id.* at 810. The EEO hearing examiner reached that conclusion based on the filing of that plaintiff's second, third and fourth EEO complaints all which were based on a theory of retaliation where causal connection is an element. *Id.* at 809-811.

Defendant next complains that Plaintiff "does not identify a single similar-situated individual outside her protected class who was treated more favorably…". ECF No. 10, 4:12-13. Defendant is incorrect. Plaintiff pleaded,

> Similarly situated men who had not reached their 2015 goals, including Boesen, were not placed on a PIP, not docked their stock bonus, and were given raises.

ECF No. 1, ¶ 34. Plaintiff has identified at least one man treated more favorably than was she. But, Defendant argues, Boeson cannot be considered to be similarly situation because he was *acting* as Plaintiff's supervisor. ECF No. 10, 4:23-26. Defendant makes this conclusory

5

assertion without support of any legal authority.[1]

The Ninth Circuit has held that whether employees are similarly situated is ordinarily a *question of fact* and the roles of the employees need not be identical, but must be similar "in all material respects." *Hawn v. Executive Jet Management, Inc.*, 615 F. 3d 1151, 1157 (9th Cir. 2010) (internal citations omitted). Materiality will depend on context and requires a "fact-intensive inquiry, and what facts are material will vary depending on the case." *Id*. Plaintiff pleaded,

> Boeson held the same position as Plaintiff, Associate Director of Government Affairs in Defendant's Government Affairs and Policy Department. Boeson covered at least the following states: Utah, Colorado, Wyoming. Plaintiff covered California, Arizona and Nevada.

ECF No. 1, ¶ 24. Furthermore, Harris was the supervisor of *both* Boeson and Plaintiff. Plaintiff has sufficiently pleaded at least one similarly situation individual outside her protect class was treated more favorable. Defendant's Motion must be denied.

### C. Plaintiff's Second Cause of Action For Sex/Gender Discrimination (Hostile Work Place) is Sufficiently Pleaded

As is common place, the case law allegedly supporting Defendant's position is taken from motions for summary judgment where the inquiry is based on the making of a *prima facie* case. A *prima facie* case "is an evidentiary standard, not a pleading requirement" and the United States Supreme Court, "has never indicated that the requirements for establishing a *prima facie* case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002)(emphasis added). On motions for *summary judgment* in the context of employment discrimination, the Ninth Circuit has repeatedly cautioned the district courts of the "importance

---

[1] To the extent Defendant attempts to support its thin, unsupported argument in reply, the Court should reject the same as it should have been made it Defendant's Motion.

6

of zealously guarding an employee's right to a full trial, since discrimination claims are frequently difficult to prove without a full airing of the evidence and an opportunity to evaluate the credibility of the witnesses." *McGinest v. GTE Service Corp.,* 360 F. 3d 1103, 1112 (9th Cir.2004). It logically follows that on a *motion to dismiss* a full airing of the evidence has not occurred, cannot have occurred, and is not required to have occurred. The United States Supreme Court has stated, "[t]he real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed." *McGinest,* 360 F. 3d at 1112 *(citing Oncale v. Sundowner Offshore Serv., Inc.,* 523 U.S. 75, 81-82, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998)). "As a result, when a court too readily grants *summary judgment*, it runs the risk of providing a protective shield for discriminatory behavior that our society has determined must be extirpated." *Id.* (emphasis added). On a *motion to dismiss*, a full airing of the evidence has not occurred and all circumstances, expectations and relationships have not been fully captured. Plaintiff has sufficiently pleaded a claim for sex/gender discrimination (hostile work place) mandating that Defendant's Motion be denied.

Defendant incorrectly believes that sex/gender discrimination/harassment must be based on comments that are "sexual in nature." ECF No. 7:5-8. This incorrect belief serves not only as a measure to defeat an entire class of sex/gender discrimination claims under Title VII, but serves as a basis to weaken any number of other legal protections afforded to women in the work place. Courts have found, among other things, that harassment includes gender stereotyping and harassment with the express purpose to subordinate women in general which denies a plaintiff the right to participate in the work place on an equal footing. *Price Waterhouse v. Hopkins,* 490 U.S. 228, 250-51, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989); *Nichols v. Azteca Restaurant*

*Enterprises, Inc.,* 256 F.3d 864, 874-75 (9th Cir. 2001); *see also, Scott v. Sears, Roebuck & Co.,* 798 F.2d 210. 212-13 (7th Cir. 1986).

      To defeat a motion to dismiss, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to *raise a reasonable expectation that discovery will reveal* evidence of illegal" conduct. *Id.* at 556 (emphasis added). Plaintiff has done so. The inquiry at this stage is: has Plaintiff presented sufficient facts to show facial plausibility that discovery will reveal evidence that Defendant created a hostile work environment actionable under Title VII? The answer is yes. Plaintiff pleads that Defendant created a hostile work environment including, but not limited the discriminatory stereotypical comments made by Defendant, but also in

> excluding Plaintiff from meetings, conventions and functions she would normally attend and which were necessary to the performance of her job and which similarly situation men were not excluded; b) undercutting Plaintiff's attempts and applications for transfers and/or promotions instead favoring and advocating for male employees; c) providing raises and performance bonuses to men who had not reached their goals; d) branding Plaintiff a trouble maker after she informed on a manager of another division that the sales people within his division were violating lobbying ordinances; and, e) refusing to allow Plaintiff to attend a leadership course.

ECF No. 1, ¶¶ 17, 31. Each of these actions, and the discriminatory comments, interfered with Plaintiff's ability to do her job and destroyed her right to participate in the work place on an equal footing. A determination as to severity or pervasiveness of these actions would be premature at this stage because all the surrounding circumstances, expectations, and relationships have not been fully developed – nor are they required to be. Plaintiff has sufficiently pleaded a claim for sex/gender discrimination (hostile work place) mandating that Defendant's Motion be denied.

8

## II. CONCLUSION

Based upon the foregoing, the Court should DENY Defendant's Partial Motion to Dismiss Plaintiff's Complaint in its entirety. Plaintiff has pleaded facts sufficient to demonstrate facial plausibility under *Twombly*, *Iqbal*, and *Swierkiewicz* for all her claims allowing the Court to draw the reasonable inference that Defendant is liable for the misconduct alleged. Plaintiff should be allowed to amend should the Court determine that deficiencies in the Complaint exist.

DATED this 30th day of October, 2017.

                                              /s/ Victoria L. Neal
JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP
7435 W. Azure Drive, Ste 110
Las Vegas, NV 89130

*Attorneys for Plaintiff*
*Pauline Whelan*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date indicated below, a copy of the OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT was served on the following as indicated:

All Parties Registered
Through the CM/ECF system.

DATED this 30th day of October, 2017.

/s/ Victoria L. Neal
An employee of KEMP & KEMP